Good morning, Your Honors. I'm Donald Cook for the plaintiff, Ms. Brewster. Just to draw emphasis to a point that may not be readily apparent when you read the statute, when the LAPD stopped Yanni Percy, the driver of my client's vehicle, ascertained he was an unlicensed driver, suspended license. He obviously fit within the definition of an unlicensed driver within 14602.6. However, he was discretionary with the LAPD as to whether or not to seize the car under .6 versus what we call the catch-and-release statute, the 22651 of the Vehicle Code. Yeah, you had that on a footnote. Correct. And the point of it... Tucked it away in a footnote. Always a good place to... Draw attention. Draw attention to an important point, you know, just tuck it away in a footnote. Maybe, you know, they won't read it. Well, now this is why I'm starting with the point, elevating it, so to speak. Something happens when you go back and re-read your own work... Believe me. ...months later. You realize why. So, assuming there's community caretaking, and we'll assume that there is, that is, you've got to get the car off the street because you can't leave it there because it's a danger. You can't let an unlicensed driver drive it. Why does the LAPD select 14602.6 rather than 22651? Because they can. Not just because they can. It's because it's to punish the administrative penalty to deter the temporary forfeiture. And who's making that call? It's the LAPD. Let's say the legislature passed a law. We know that terrible things, terrible crimes are committed with guns. Legislature passes a law that says if the policeman believes, you know, probable cause, that the gun was used in a crime, the policeman can take the gun, you know, without a warrant, and hold it for 30 days in order to deter as well as perhaps to penalize. Now, there's no requirement for judicial review. However, the gun owner can go to the police department that seized the gun and say, look, you made a mistake. You shouldn't have taken my gun. And that's it. That's the review you get. The police department. Would that stand under the Fourth Amendment? I don't think so. I think that. Well, when you're talking about guns, you're also implicating Second Amendment issues. I'm not sure how they play here, but you sort of pick the one thing that implicates. Sure. Make it burglar tools. Right? Screwdrivers, crowbars, pry bars obviously have a legitimate use. There's not a special amendment for crowbars and screwdrivers. I'm not sure why this analogy helps you. Why is it any better than a car? I mean, a car seems like a perfectly good example. Sure. So what do you gain by coming up with these other examples? Because to put it in a different context, it may be easier to grasp the point that what we have here is the policeman being judge, jury, and executioner. The policeman making a decision as to whether or not to punish. But is that the – that's really not the issue we're trying to decide here. I mean, that seems to me to be off the point. The police have certain discretion. They have a whole series of statutes. And they get to invoke them a lot of times in ways that we think are not particularly rational or what we would do. Isn't there a legal question we have to decide whether this seizure, which did occur, can continue without the ability of the car owner to get the car back, whether that's some kind of constitutional violation? Well, I think – I mean, I don't know why it matters what statute the police pick. So maybe you can explain that. Sure. Perhaps the point did deserve a footnote. Maybe we'll put it back there. Put it back there. Okay. The main point in the briefs is, is this a seizure to hold the vehicle for 30 days? Let me, as you're sort of stumbling away through answering that question, do I understand correctly that this is a Fourth Amendment claim only? You don't have a Fifth Amendment claim for taking of property. You don't have a substantive due process claim, procedural due process claim, or anything like that? Correct. It is a Fourth Amendment claim. So, you know, so that's – I mean, just go ahead and answer Judge McKeon's questions. But, I mean, it seemed to me that the first thing you talked about, the thing in the footnote, just has nothing to do with the Fourth Amendment, the fact that they have a choice of not doing it or not. It may have due process implications. It may have takes implications. You know, I don't know what those things are. But not Fourth Amendment, which I think is what Judge McKeon's question gets to. So what does any of this have to do with the Fourth Amendment? The Fourth Amendment requires judicial review when the police seize property. There are, of course, lots of exceptions. And what we have, we submit here, is a seizure of property. You don't claim a need for judicial review for the original seizure? No. For purposes of this matter, we're conceding community caretaking for removing the vehicle off the street. But community caretaking is not a criminal law doctrine. It, of course, is just to protect property and to prevent a traffic hazard by leaving the car on the street. Okay. So you say at some point you're complaining about the lack of a hearing? Is that what you're complaining about? No. What we're complaining is once the car has been removed from the street, placed in the vehicle storage yard, community caretaking has been satisfied. When Ms. Brewster was at the police station. All right. But then they have another justification. They have a vehicle code section that says you've got to keep the car. Well. You can't release the car. So, you know, you have community caretaking. That stops at some point. And then you've got another justification, state law, that says you've got to hold on to the car. That's true. However, state law does not trump the Fourth Amendment. If the holding the vehicle. But the Fourth Amendment necessarily follows the underlying law. If there is, you know, probable cause of a crime, you have to look at, you know, state law to determine what the crime is. You know, what the probable cause is. I'm assuming it's a state crime. You've got to look at state law. Here you look at state law. State law says you can't release it. Why isn't that all the justification you need for purposes of the Fourth Amendment? Well, to go back, the reason I was using the hypothetical of the police going out and seizing, say, your alleged burglary tools, is that under the Fourth Amendment, absent an exigent circumstance, there would have to be judicial review. That's why. So simply because state law says they can do it doesn't answer the Fourth Amendment question. That's why the parties here. So you think she, your client. Correct. Was entitled to a hearing. Not, no. What we contend is. Well, I'm sorry. You keep saying judicial review. I mean, so what, tell me what. So, you know, the caretaking function justification is over. Okay. So what do you think happens at that point? How do you get judicial review at that point? The judicial review I'm referring to is when a judge passes upon an application for a search warrant, for example. That's the judicial review I'm referring to. That's not an adversary proceeding. I know, but we're talking about this case. You know, let's talk about this case. So what do you think should have happened once the justification for the caretaking justification is over? What should have happened at that point? Just what they do with bandit taxis. Go to a court and get a court order that says, yes, you can keep the car for the 30 days. That's what the police should have done. Okay? Same thing they do with bandit taxis. So that's your Fourth Amendment claim that it didn't go? I mean, there's no two ways in which that hearing is going to come out. There's no, you know, you say judicial review, but all you're doing is the judge is saying, yes, it's less than 30 days. And so because they're entitled to keep it for 30 days. So what would be the function of that hearing? What would happen? What would be the harm involved there? Well, first of all, what is the underlying crime? The underlying crime is. . . There's no crime. There's simply a state law, which you haven't challenged, that says they're entitled to keep it for 30 days or they're required to keep it for 30 days. Valid state law. And so you want to think they should go into court and get a judge to say, yes, you're right, you get to keep it for 30 days. I mean, with no discretion to do anything else, right? Well, there is. . . No, that's incorrect. The police do have discretion not to keep it for 30 days. They simply select the 22651 statute to seize the car and take it off the street. But once they select that as the way to seize it, they don't have any discretion. Well, correct. It has to be a 30-day impound if that's the statute they select. The point is that the determination of probable cause here is, unless an exception applies, made by a judicial officer. I mean, you go back to McDonald. . . Isn't your argument, maybe I misread your brief, but I thought what you were trying to say, footnote aside, was that the community caretaking exception justifies the initial seizure, but that the seizure is continuing in a way that violates the Fourth Amendment because there's no longer any justification for community caretaking. Correct. Is that what you're saying? Correct. And there has to be a Fourth Amendment justification for that seizure or an exception to the warrant requirement. And there is no exception that covers the 30-day impound. This is why the defendant . . . Well, let's change the fact just a little bit. Let's say they seize it, and then when they open the trunk, because I guess they open the trunk to inventory and all that, they find a large stash of . . . Contraband. Contraband. Marijuana. Let's just call it contraband. Okay. At that point, they've got probable cause to keep it, right? Exactly. A lawful inventory search, and you find evidence of contraband. So what would happen next in that case? Well, presumably . . . They certainly wouldn't return the car at that point because not only is it necessary perhaps to keep as evidence, but it is also subject to forfeiture, right? Well, if they initiate forfeiture proceedings. No, but it is subject to forfeiture. So they're not going to just say, hey, take it home, and we'll go chasing after it. They then have . . . So what happens next in that . . . Well, what happens then is the car is being held basically as evidence of a crime, and that falls within the exception to a warrant requirement, and presumably criminal proceedings are commenced against, you would think, the driver of the vehicle and perhaps the owner as well, depending upon what evidence is developed. But that is not necessary. That is not necessary for them to start criminal proceedings. They can hang on to the car. Well, they can hang on to the car for some period of time, but they cannot hang on to it indefinitely. I mean, United States v. Dawes, this court, holding, you know, suspicious packages for up to 23 days without seeking any type of . . . Their Judge O'Scanlan described it as judicial review, meaning seeking a warrant application. This court held that violates the Fourth Amendment. Go to court, get your judicial review in the form of a warrant application, and you comply with the Fourth Amendment. Now, there may be additional due process issues that come up, depending upon how long you're holding the car, what reason, that sort of thing. But once you're seizing property, basic rule is you have to have a warrant unless an exception applies. Here, the exception, community caretaking, ended once the car was in the storage yard. They didn't seek any warrant. They didn't find any other exception to the warrant requirement that would justify keeping the car for 30 days. You just held it for 30 days because that's what the statute says. So let's say they had gone in to a judge and said, we seized this car, we have a statute that says, impounded under this provision that says we have to keep it for 30 days. And the judge says, that's right, and here's an order authorizing you to do that. Would you still have a claim at that point, a Fourth Amendment claim? Probably not. Why? Why not? Because once you have, I would not have this Fourth Amendment claim. I may have a Fourth Amendment claim that a criminal case arose out of the proceedings, and then I was bringing a motion to suppress, and I could argue that the warrant authorizing the seizure wasn't supported by a probable cause. But in this case, they would have the warrant signed by the judge, and essentially it's like a bandit taxi. They have a piece of paper signed by a judicial officer authorizing the impound of the vehicle for 30 days. Well, the question is, under what standard does the judge authorize that? Because the Fourth Amendment obviously has this flexibility from suspicion to probable cause to whatever. If your position, as I understood it, is that you need probable cause, and without that for extended impoundment, you have a Fourth Amendment violation, now you're saying, well, all you just need is some judge's signature, regardless of what standard is used. If the judge just says, oh, I see there's a statute I'm going to sign, so then it would be okay? It would vitiate your Fourth Amendment claim? Presumably the probable cause, the warrant application would submit what the officer submits as evidence of the underlying crime. And there's basically two possible underlying crimes here. One is driving the vehicle with a suspended license. And secondly, with regard to the owner, my client, Ms. Brewster, knowingly permitting the unlicensed driver to drive her vehicle. So presumably the warrant application address has facts, supporting the probable cause for those crimes. And if the judge believes that there is probable cause. So just to cut to the chase, your position is that in order for the judicial sanction to be effective, it has to be based on a probable cause finding? Correct. That's the warrant application. I'm well over my time. If I may have a few minutes of rebuttal. Thank you. Okay. We'll hear from the defendant. Good morning. Gabriel Dermer for the appellees. Footnotes and briefs aside, this is a Fourth Amendment case, and I don't actually think it's that complicated a Fourth Amendment case. It is conceded that taking the car from the street is a seizure governed by the Fourth Amendment or Fourth Amendment principles. Here, Ms. Brewster concedes the propriety of that seizure. At that point, the Los Angeles Police Department, CHPEC, whoever, they have possession of the car. If that possession following the seizure is viewed as a subsequent seizure, continuous seizure, something like this, then the district court got it wrong. On the other hand, if that subsequent retention of the property after the proper seizure is viewed as subsequent retention of property with the due process protections, et cetera, then the district court got it exactly right. And I would submit— How can it not be the former? I mean, we've had lots of cases that say if you keep it, you know, you have a justification for keeping it. DAS and those cases that say that once it expires, a new clock starts, a Fourth Amendment clock starts, and you've got to comply anew with the Fourth Amendment. So clearly, the district court got it wrong on that point. Incorrect. I mean, you know, the bottom line may be right for some other reason, but on that point, it clearly got it wrong. I disagree, and I don't think DAS is applicable because DAS has to do with the detention of a package for longer than the—I don't even know how to pronounce the name—the Van Leeuwen case, and that temporary detention becomes a Fourth Amendment problem if it's held for too long. Here we have a Fourth Amendment problem, if you will, out of the gate with the seizure from the street. We comply with the Fourth Amendment for community caretaking. Then you have a statute that authorizes— But that expires. And the statute kicks in at that point. Why does the statute override the Fourth Amendment? It doesn't. If you go to the Jacobson case, I mean, the Supreme Court's real clear. You can start out legal with the seizure, but then continued possessory interest down the road can become a Fourth Amendment violation. Why isn't that exactly what we have here? Because this continued possession down the road is protected by the Fifth and Fourteenth Amendments due process, and all of the— Well, you're trying to cleanse a Fourth Amendment violation with a Fifth Amendment due process. I'm not because there was no Fourth Amendment violation because the appellant concedes that the seizure was proper. And following the initial seizure— Why does it matter that there's a Fifth Amendment due process then? Because the seizure never re-triggered. There was never a subsequent seizure as our position. At that point, the government lawfully has possession of the property pursuant to the statute. But that's clearly wrong. I mean, look at Judge Wood's dissent in the Seventh Circuit. She says you can't just keep it forever. Well, forever is not— You've got to have a new justification. A new justification invokes new Fourth Amendment requirements. Now, it may not be much, but at the point that the caretaking function ceases being operative, you have a new Fourth Amendment problem. In that regard, this court was just plain wrong. It's really nothing debatable. And the Seventh Circuit was wrong. I mean, I don't know about the bottom line, but on that point, it's just— So how do you deal with the fact that you've got a new Fourth Amendment problem? Because I don't think we have a new Fourth Amendment problem because I don't think the Fourth Amendment— Well, I realize that, but I asked you a question. The Fourth Amendment— And so what you believe and what you think you have doesn't really matter. Now, if you want to answer my question on the assumption that I think there is, you can do it. If you choose not to, then I'll have to assume there is no good answer. So if you, you know— That the 30-day hold is a Fourth Amendment problem? You heard the question. You want me to repeat the question? Because you were so convinced that that is not true because you're not going to listen to it? If the court wouldn't mind repeating the question, I'd appreciate it. Because you didn't listen, right? I'm going to listen carefully. Once the caretaking function exhausts itself, once that is over, you have a new Fourth Amendment problem. You need a new Fourth Amendment justification. It's a new seizure that you have to deal with. Now, I realize you don't believe that, but it doesn't matter that you don't believe it, right? Do you understand that part? Yes. Okay. So assume now that I think it matters. How do you deal with a Fourth Amendment problem, the fact that you now have something that is no longer— the seizure, the holding onto the vehicle is no longer justified by the community caretaking function? We would only have at that point the statutory authority and the justifications provided by the statute. But that's not enough. We know that. You have a substantive right, but that does not give you a right under the Fourth Amendment to— you have to get judicial authorization or something, right? For the seizure, if there's a subsequent seizure, yes. Yeah. So how do you deal with the fact that, in fact, there might be a subsequent seizure? We might come out and say there is a subsequent seizure. What is your Fourth Amendment answer to that? I mean, surely when you were preparing for this case, somebody must have told you that that would be a question you'd be asked. So the question must be readily on your tongue because surely when you were mooted for this case, somebody asked you that question, right? And that's where the case lives or dies. I agree. I see. So if, in fact, we think it is a seizure a second time, that's it? You lose? We don't have a warrant, and we don't have a— You concede you lose. Is that what you're telling me? You don't have an answer to that question, and that's the end of the case. I concede that the retention would be proper viewed under due process, but we don't have a Fourth Amendment warrant or a justification to hold it under the Fourth Amendment. So just to be clear on your position, I think everyone agrees here, including your colleague over here, that the initial seizure, of course, is justified by the community caretaking. And is a seizure. And is a seizure. Correct. So we all agree. Luckily, we start at the same place. Is it your position that the single justification for the seizure, which is the caretaking exception, that that then lasts all the way through until they give it back? No. My position is that once the car is seized, the Fourth Amendment no longer applies. And because of the vehicle code section with the due process protections, that's what then governs the continued retention of the property, and that's what distinguishes the cases from temporary detentions being blown into full-blown seizures that don't comply with the Fourth Amendment. But how do we accept your position when the Ninth Circuit precedent is that it doesn't end simply upon the seizure? We have cases that talk about the continuing situation. I mean, I don't understand. We would have to basically override those cases, wouldn't we? No, because none of those cases have a proper seizure at the inception that complies with the Fourth Amendment and then a statutory basis that complies with due process right behind it. So the entire retention of the property from seizure to return is compliant with the Constitution. Okay. So let's say we don't have a statute. Let's say we're driving down the road and my friend is driving and said, oh, give me your phone, I need to call somebody. I say, okay, here's my phone. And he gets on the phone, the police see it and say, automatic violation, we stop. And they seize the phone because they say, look, we can't have this guy driving down the road talking. It's my phone. And everyone would agree that there was a seizure of the phone and that it was proper and that the police could even take it under the community caretaking exception so they make sure this guy is not going to keep driving. Do they have the right then to keep that phone forever? No. When do they have to give it back? It's my phone. I didn't do anything. I just had the bad luck to have a stupid friend. I couldn't tell you when they have to give it back, but I can tell you that I think that due process, equivalent to when a person is arrested and then bail kicks in, I think due process would dictate when that property is returned, not the Fourth Amendment. But what is the justification for the continued retention of it? Before you were hinging that on the state statute. We don't have a state statute in my hypothetical. So what's the continued justification for the retention in that case? I wouldn't know. And I am hinging my case on the state statute, but I don't know that if the Fourth Amendment is complied with, I don't know when. So if the state statute said you could keep it for a year, that would be okay too? Because it's a state statute. Well, no. I mean, there would have to be due process protections in place. If due process provided for keeping that car for a year, then I would say yes. Equivalent of someone, I suppose, sitting in jail for a while, it's due process that governs, not the seizure of the Fourth Amendment. And I think that would be the more analogous point. Can I ask a question? I want to offer an answer, the answer that I thought you were going to give to Judge Kaczynski, and I just want to preface it by saying I'm not convinced by it, but it seemed to me the only answer that you could give that would have any chance of carrying the day here. I thought from your brief that you were defending the post-impoundment 30-day detention of the car as, in essence, a temporary civil forfeiture that was imposed as punishment for the offense, either if you're the registered owner of the car who was the unlicensed driver for doing that, or even in the situation of our case here, you're the registered owner and you negligently entrusted your car to somebody who didn't have the lawful authority to drive it. And so I guess I thought that's what you were going to say, is that – Okay, hang on. Yeah, yeah, yeah. So that's fine. But if it's a temporary civil forfeiture, we normally – there are normally more process protections built into that kind of forfeiture before it can be imposed upon someone, right? And I guess I'm – I know we don't have a 14th Amendment due process claim before us, but how would you justify the statute here under this – if we're supposed to conceive of the 30-day detention as a temporary civil forfeiture, how could that really be imposed in the complete absence of any judicial process whatsoever? This court in 2011 in the Salazar case found that the state legislature determined that the problem that it was trying to address with this statute was a significant one, and the best effort that – Salazar, that's an unpublished – It's an unpublished decision, yes. We're going to talk about it. It's not precedent under our law. I'm not – I'm saying what the state legislature did that was noted in that case, but still the state legislature did this regardless of Salazar. They imposed this statute because they viewed this temporary retention, detention, administrative penalty, whatever you want to call it, this 30-day hold of the vehicle, as the best mechanism they could come up with to address this significant problem of unlicensed drivers or suspended licensed drivers and this, and that's what we have here. But do what – just tell me another situation in which we allow the government to impose a forfeiture, even of a temporary nature, without any judicial process whatsoever, because I can't think of any. I can think of other cases where we or the Supreme Court have upheld civil forfeitures attached to some underlying violation of the criminal law, but it's never in the situation where – like we have here, and that's, I guess, what bothers me the most. So is there some other context you can think of? I'm not aware of really analogous these – like a 30-day forfeiture. When you talk about forfeiture, we're talking about civil forfeitures that are judicial proceedings because the government's going to take the car forever, take the property forever. So I'm not aware necessarily of particularly analogous areas here. I can't think of another temporary forfeiture, but that's what this is. You would agree with that, right? It's – I know the appellant has a problem with the word forfeiture. It's 30 days. Well, it's a temporary forfeiture of your possession of the car. I mean, it's not a permanent deprivation. The city or the state here is not going to take it forever and destroy it.   It's a 30-day temporary possession of the vehicle following a legitimate seizure. Right. So it seems to me if that's the basis on which you're going to defend this, then you would also have to say that if we had – let's say we had a different statutory regime, this one only allows the 30-day temporary forfeiture in connection with the immediate seizure of the car pursuant to the community caretaker doctrine. But let's say that we had facts like we did in our decision in Miranda, where the person got all the way home and actually had the car parked in the driveway, right? There we've held that the community caretaker doctrine does not authorize you to even get the initial possession of the car. But let's say that the statute were different and said that even in that situation, we want this 30-day temporary forfeiture imposed, right? So you don't have the advantage of having already gotten the car into your custody. What then? You could just show up the next day with a tow truck and, hey, we're taking it to the impound lot. See you in 30 days? You would presumably need some kind of judicial process on the front end, right? I think in that – if in Miranda there was a warrant with this statute, then it would be this case. That's – there needs to be a justification to take the car from the driveway. That seems to me the only difference here is that the justification for the initial interference with the owner's possession is taken care of by virtue of the community caretaker exception, right? We don't have a Fourth Amendment problem out of the gate. But you have the exact same problem on the back end in the hypothetical I pose, right, that you're trying to impose now a separate civil forfeiture on the owner without there having been any judicial determination of anything. It's not a forfeiture. It's the 30 days. There's a hearing that comports with due process. I suppose that – Why do we know that – you're talking about the LAPD hearing? Yes. How do we know that comports with due process? Because courts have held that the notice to the owner with the hearing comports with due process. And I – What case? I just – I have not read the case yet. They may exist, but I just haven't read them. What? Goichman, I believe. I definitely haven't read that one. Goichman from our court? Is that a court of appeals, state court of appeals case? No, it's a Ninth Circuit case. Ninth Circuit case. Okay, so we've held that the LAPD provision of this hearing – It was not the Los Angeles Police Department. It was a case involving a different city, but it was looking at the notice and hearing under 22651 of the vehicle code. Okay, but it just – what I want to be clear, it's okay even if there's no court. There's no neutral person involved. You could have the – Well, it's neutral. It's not the person who seized the car. It's the same body. We don't have the cop that did the impound doing it. But it's his or her police department? It's a colleague, yes. Okay. I wouldn't call that neutral. But, okay, there's no judicial involvement, and we've said that that complies with due process? Yes. And I would suppose that if unsatisfied from that process, someone could – Where in your brief is the case? It's Goichman with a G? Yes. I don't know. I can't say that I find it in here. You have a site? I do not. How do you spell that? G-O-I-C-H-M-A-N-N, I think. Do you remember which city that was involved? Like what the – okay. I don't. And I'm very much regretting not putting it in this brief at this time. Yeah. But I know that courts have held that administrative reviews comply with due process. Okay. But so just coming back, though, to the Fourth Amendment problem that you were trying to address with Judge Kuczynski, I assume that if you could – let's take away any due process concerns because the plaintiff here just hasn't, for whatever reason, raised that as a claim. All we have is the Fourth Amendment. I guess what you would say is that the 30-day temporary civil forfeiture is reasonable to the extent that the Fourth Amendment requires some reasonableness review because, I don't know, in relation to the seriousness of the underlying offense, this temporary taking away of the car is – they're kind of proportionate to one another? Is that the – That's correct. It's not an unreasonable seizure at that point because of the determinations made by the legislature. Okay. And you don't need judicial authorization even though you could get it. This is not an emergency. This is not like the car is on the street or anything like that. And what is the reason you don't need essentially a warrant or some advanced judicial authorization for keeping the car? Logistically, I don't know when the police would do that and when the seizure would trigger. Certainly you would need a warrant or an exception to the warrant requirement to take the vehicle in the first instance. When the city already has possession of the vehicle, I don't know logistically when and how the – The fact that you don't know and you have trouble figuring it out is neither here nor there. If it, in fact, happens at some point, it's up to you to figure out when it is and go and get them. I mean, there's no problem getting a judicial authorization, right? A warrant would issue, but again, as this court suggested, the warrant would issue for the same reasons as the statute provides, and I don't know that there would be any more protection given to the vehicle owner with a warrant versus what the statute already provides. But you didn't answer my question. Could a warrant be issued? Is there any problem getting a warrant? I mean, is there any problem getting a warrant or some order from a judge saying, yes, in terms of timing or anything like that? It doesn't take very long, right? I believe that a warrant could be gotten if the court ordered us to get a warrant. That's my answer. I'm looking at Goishman now, and it's a due process case, and it's also talking about whether you would need a hearing in less than 48 hours. Nobody is suggesting here, but it says we, that's the Ninth Circuit, holds that a provision for post-seizure hearing within 48 hours satisfies due process. That doesn't seem to fit the situation here. That's exactly the situation. That's what the police department does under 14602.6. They have to give notice of the hearing within two days under the vehicle code. It's the same statutes. Okay. And the hearing can be held, it's a hearing within 48 hours. That's what this says, not notice of a hearing. She can have her car taken for 30 days. And this is what due process requires, which, of course, if there's a due process provision that's complied with here, that doesn't necessarily mean there's not a Fourth Amendment violation. So I'm not sure how Goishman helps you. It was more to Judge Watford's point that I believe that we have the due process protections on the back end for the statute. I understand that it doesn't cover the Fourth Amendment, and there's not even a due process claim being made here, but I'm pointing out that the due process protections are legitimate and provided for here. I want to ask you a couple of questions about the mechanics because I want to make sure I understand. If the car is, in fact, kept for the 30 days, I take it that fees for storage keep accruing? I believe so, yes. Well, I believe so, too. I'm actually asking for a fact. Yes. In this case, the plaintiff's car wasn't held for 30 days, but, yes, there's a general rule. I know. I was going to get to that. Yes. Did you hear my question? Yes. They accrue for 30 days. So it's not just keeping the car, but you're also imposing an accrual of fees. Now, in this case, the car was released to the title owner? Yes. To the legal owner? Would that be whoever has the loan on the property? It wasn't clear to me who that was. Yes, there was a lien on the vehicle, and the legal owner retrieved the car. Typically, this might be a bank. A finance company of some sort, yes. So this was released to the finance company, but they were told not to release it to Ms. Bluster? There was some dispute about that in the trial court. It was our position that it was released without any condition to the title company. The impound yard just returned it to the title company without any condition. Explain to me, why was it released to them and not to her? I don't mean why in the sense of what thought process it went through. I really meant why does a statute—I thought the statute was categorical that you can't release it, and then I see this—again, I think it was a footnote—saying, in this case, it was actually released. And then there's a dispute about whether they did or did not. So what's the story there? It's per the statute. The court is correct. The statute allows release to the legal owner upon the provision of the necessary documentation that shows that there's a lien on the vehicle, and it's returned to the legal owner. So what happens if the registered owner and the legal owner are the same person, like if there's no loan on the car? I'm just trying to figure out the statute. It's just repossessions. If the registered and legal owner are the same person, it wouldn't be considered a repossession of the vehicle. Like a repo company, that's what it's talking about, the statute. You're speaking in phrases, not in full sentences. What is it talking about? The statute allows legal owners, financial companies, people who want to repossess the seized vehicle because payments haven't been made, whatever reason, they can repossess the vehicle, again, you know, if they show the appropriate documentation. If the legal owner or registered owner's vehicle was seized in compliance with community caretaking or another exception and then held for 30 days under the statute, there would be no similar reason to give the car back to them just because they were the legal owner also. I see. I think we're done. Thank you. Okay. You are over your time, but we took extra time with your opponent, so we'll give you two minutes for rebuttal. Thank you. Just respond to your last point, Jeff Kuczynski. LAPD released the car to the lien holder. His declaration is in the record. He states he got the car from the LAPD on the condition that he not release it to Ms. Brewster or her agent for the 30-day period. We also put in the record the evidence of the LAPD policy that the car gets released to a lien holder, such as the finance company, in less than 30 days, but only on the proviso that it not be returned to the registered owner or his or her agent for the 30-day time period. That's both per statute and LAPD policy. There was some dispute about that, but we certainly had evidence in the record, LAPD policy on that very point, as well as the declaration of the lien holder. Mr. Dermer stated that this case lives or dies on whether the 30-day impound is a Fourth Amendment seizure. I agree with him. I heard Mr. Dermer say in so many words that for the 30-day impound, there is no Fourth Amendment justification, hence their argument that it's not a seizure. Well, I guess, I mean, maybe you could address the point that I raised about conceiving of this as a temporary civil forfeiture. Why is that not the right way to conceive of it? And if we do so, why is that render it per se unreasonable under the Fourth Amendment? Well, I don't like using the word forfeiture because California has a vehicle forfeiture statute, 1460. It's the concept of what this represents, right? And you would agree that that's basically what it is. It's not a permanent deprivation of the owner. I certainly agree. It's not permanent. It's temporary. Okay, so just take that as the conceptual matter. Don't quibble with the language. And why is that not the right way to conceive of this? And if we do, why is it not reasonable, the 30-day period? Forfeiture procedures have at some place in the process, either pre- or post-grabbing of the property, a judicial review or quasi-judicial review procedure attached to it. This doesn't have that. And you haven't brought a due process claim. So why isn't that the end of your case, the way you framed the complaint? It's solely based on the Fourth Amendment. Because the fact that if one could say this complies with due process doesn't answer the Fourth Amendment question. That's what I'm trying to get you to answer. So why is it per se unreasonable under the Fourth Amendment to impose a temporary civil forfeiture of 30 days as punishment and as a deterrent mechanism for the underlying offense that we're dealing with here? The rule is police don't seize property to punish, to penalize, to deter. They seize property for a law enforcement purpose, one of the recognized exceptions. They do it all the time in the context of civil forfeiture statutes. And in civil forfeiture processes, there are. Again, don't go down the due process road because you for whatever reason didn't frame your complaint in that way. So just going back to the Fourth Amendment interest, why if we conceive of this as a temporary civil forfeiture, why is it per se unreasonable under the Fourth Amendment? I think it's unfair for you to bar me from making the point because the fact that there is no judicial review process here distinguishes this temporary forfeiture from the forfeiture cases that we know about. So that's what distinguishes the setting of this case. Now, she cannot bring a claim on this complaint for compensation for a due process violation. On this complaint, she can't do it because as we've conceded, you've noted, we don't bring a due process claim. But the fact that there is an absence of judicial review here in terms of the factual setting of how this statute works, I think is a fair point to make to establish our Fourth Amendment claim here. Okay, but just maybe you're right. But so you're saying that to render this regime reasonable under the Fourth Amendment, even if we conceive of it as a temporary civil forfeiture, there would need to be built-in certain judicial process protections? Is that your position? Some type of judicial review. Similar to what you have with the bandit taxi statutes where it's actually built into the statute and the LAPD actually follows it. They seize the vehicle, then they go to court, and they have judicial review, and then that is to get the warrant to authorize the 30-day impound, and they also give notice to the vehicle owner, you can have an adversary hearing in front of the court to contest this finding of justification for the 30-day impound. Let me just interject because that does, this position you're now taking in response to Judge Watford seems at odds with the position you took when I asked you whether you needed probable cause for the continued detention, and you said yes, and then when I asked about some court order that might come down, you indicated you needed probable cause. So a hearing that might occur with respect to a temporary forfeiture doesn't necessarily have anything to do with probable cause. So my question is do you need probable cause, in your view, for the continued retention of the car? The answer is yes, and I don't see an inconsistency between what I've earlier stated to you, Your Honor, and with Judge Watford, because whether it's a warrant application, where it escorts a non-adversarial proceeding, obviously, versus an adversarial hearing, the standard is still probable cause. And in this case, the probable cause would have to be probable cause that the vehicle owner has committed a crime that justifies the impoundment for 30 days. So, as I say, that can be established. The probable cause can be established on basically a warrant application, and it can also be contested at an adversarial hearing, which it is per statute when it comes to abandoned taxis. This particular statute doesn't provide for that type of adversarial hearing, for this type of... As for the taxis, is that a judicial hearing or administrative hearing? No, that's a judicial hearing. 21-100.4, the vehicle code, it's a judicial hearing, and it's in front of the officer who issues the warrant authorizing a 30-day impound. Mr. Durham and I happen to have a few abandoned taxi cases going on right now, and so we're both fairly familiar with the process. You guys are the seizure experts, is that it? I don't know if we're the experts, but we certainly are sort of seized with each other on these cases and any of that. You're honing each other's skills. We're doing something. You're like two swords honing each other. Let me ask you this. Let's say that contrary to what happened here, or different to what happened here, they seize the car on the caretaking function and then immediately go to court with an application and get a judge to sign off on a warrant, I guess, to keep it for 30 days. Would you still have a case? The Fourth Amendment claim probably fails at that point. So you are not claiming that this has to be an adversary proceeding to get that warrant. Correct. They can do it ex parte? Correct. Why are you conceding that? What? Why are you conceding that? Because I look at it from… In warrants, you can't have an adversary proceeding because you tip off the criminals. So there's an inherent… I'm just not sure why you're conceding that this can be ex parte. Why I'm conceding… It's your case. Sure, sure. Two reasons. One legal and one practical. The legal reason is I don't read Fourth Amendment law as requiring an adversarial proceeding in that setting. Perhaps I'm wrong, but that's not how I read Fourth Amendment law as requiring it. The practical reason is that as I read Fourth Amendment law, generally the police have to get a warrant whenever practical, and given the speed with which they can obtain a warrant from the superior court, literally in a few hours, since they can do that so quickly, get a warrant quickly, if you build into it an adversarial hearing process, that's going to drag it out. But let me say what the claim in this case would be If they had secured a warrant authorizing the 30-day impound, you know, ex parte, then the claim would be there's a due process violation because there's no adversarial proceeding to contest that finding of probable cause for the 30-day impound. And we would submit at that point, under due process, there needs to be an adversarial hearing. Well, what about Gershwin and the hearing before the... I mean, you do get a hearing here, right, before the police? You do get a hearing before the police agency that seized your vehicle. That's correct. That does not... Again, that's not the claim we're making in this case, but to make the claim, the argument would be that does not satisfy procedural due process because it's not essentially a fair tribunal to pass judgment on whether or not it was lawful. That would be the argument. But... Okay. All right? All right. Thank you. Thank you. Case is signed. We'll stand submitted. We're adjourned. All rise.
judges: Kozinski, McKeown, Watford